```
FILED ___ LODGED
___ RECEIVED ___ COPY

       AUG 2 7 2025

 CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ARTHUR "BRUD" PORCHER,
Plaintiff,

v.

GODADDY.COM, LLC; JOHN DOE 1-10; and JANE DOE 1-10,
Defendants.

Case No.: ___CV25-03117-PHX-KML
JURY TRIAL DEMANDED

COMPLAINT FOR NEGLIGENCE, BREACH OF CONTRACT, AND UNJUST ENRICHMENT

I. INTRODUCTION

This action seeks damages arising from GoDaddy's negligent failure to properly secure and verify an unauthorized domain transfer in August 2019, resulting in the theft of Plaintiff's domain name BRUD.COM. Despite clear evidence of unauthorized transfer and Plaintiff's continuous ownership since 1996, GoDaddy refused to investigate or remedy the situation unless Plaintiff signed an indemnification agreement waiving his legal rights.

The central claims arise from GoDaddy's breach of its 2019 Terms of Service obligations to maintain adequate security measures and properly verify domain transfers, combined with GoDaddy's bad faith refusal to assist in recovery efforts without indemnification.

II. PARTIES

VeriSign, Inc. is the registry operator for all .COM domain names. Upon information and belief, it executed the technical transfer of BRUD.COM on August 16, 2019, at GoDaddy's direction. Plaintiff does not currently allege misconduct by VeriSign but reserves the right to amend this Complaint to name VeriSign as a defendant should discovery reveal that VeriSign acted negligently,

1

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _LRCwP 5.4, 7.1(a)(1)_
(Rule Number/Section)

collusively, or in violation of registry protocols in processing the unauthorized transfer.

Plaintiff Arthur "Brud" Porcher is an individual residing in Winter Park, Florida.

Defendant GoDaddy.com, LLC is a Delaware limited liability company with its principal place of business at 2155 E. GoDaddy Way, Tempe, Arizona 85284. GoDaddy is one of the world's largest domain name registrars and web hosting companies.

Defendants John Doe 1-10 and Jane Doe 1-10 are individuals or entities whose true names and identities are unknown to Plaintiff at this time, including the unknown persons who orchestrated the unauthorized transfer of BRUD.COM in August 2019.

### III. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

This Court has personal jurisdiction over GoDaddy because it conducts substantial business in Arizona and maintains its principal place of business in this District.

Venue is proper in this District under 28 U.S.C. § 1391(b) because GoDaddy's principal place of business is located in this District and a substantial part of the events giving rise to the claims occurred in this District.

### IV. ENFORCEABILITY OF ARBITRATION CLAUSE

GoDaddy's 2019 Universal Terms of Service (TOS) include a mandatory arbitration clause. Plaintiff acknowledges this clause was part of the agreement governing domain registration and account services during the period in question. However, Plaintiff reserves the right to challenge the enforceability of that clause on multiple grounds, including procedural unconscionability, substantive unconscionability, public policy exceptions for consumer protection matters, and waiver by GoDaddy through its failure to perform essential contractual duties and its demand for indemnification as a condition of support. To the extent GoDaddy asserts arbitration as a defense, Plaintiff will oppose any motion to compel arbitration and seek to preserve this Court's jurisdiction over the present claims.

## V. FACTUAL BACKGROUND

### A. BRUD.COM Ownership and Registration History

Plaintiff registered the domain name BRUD.COM on August 30, 1996, establishing continuous ownership for over 28 years.

BRUD.COM has significant personal and commercial value to Plaintiff as "Brud" has been his lifelong nickname since childhood.

From 1996 through 2013, Plaintiff maintained BRUD.COM with Register.com, consistently renewing the domain and maintaining uninterrupted ownership.

On August 11, 2013, Plaintiff transferred BRUD.COM to GoDaddy for domain management services, establishing a contractual relationship with GoDaddy as the domain registrar.

From 2013 through 2019, Plaintiff consistently renewed BRUD.COM through GoDaddy, including renewals on July 8, 2014; August 3, 2015; August 2, 2016; June 29, 2017; September 12, 2018; and August 2, 2019.

### B. The August 2019 Unauthorized Transfer

On August 2, 2019, Plaintiff paid GoDaddy for BRUD.COM renewal through August 2020, as evidenced by GoDaddy receipt number 1533177141.

According to GoDaddy's own records, on August 13, 2019, BRUD.COM was unlocked for transfer without Plaintiff's authorization.

GoDaddy claims it sent transfer verification emails on August 13 and August 16, 2019, but Plaintiff never received any such emails.

On August 16, 2019, the domain was transferred out-of-country to Hosting Concepts B.V. d/b/a Openprovider without Plaintiff's knowledge, consent, or authorization.

Plaintiff did not authorize, initiate, or participate in any transfer of BRUD.COM.

### C. Medical Incapacity Period

From April 2019 through 2024, Plaintiff underwent multiple major surgeries that significantly impaired his ability to pursue legal action:

3

- April 22, 2019: Lumbar fusion surgery by Dr. Razack (5+ months recovery)
- October 16, 2020: Anterior cervical laminectomy and fusion by Dr. Wehman (7+ months recovery)
- July 25, 2022: Full spinal fusion surgery by Dr. Matheus (10+ months recovery)

These medical conditions and recovery periods impaired timely discovery and pursuit of legal remedies.

**D. Discovery of the Theft and GoDaddy's Response**

On September 14, 2019, Plaintiff experienced login difficulties with his GoDaddy account and initiated recovery procedures.

On September 25, 2019, upon regaining access to his account, Plaintiff discovered that BRUD.COM was missing.

Plaintiff immediately contacted GoDaddy to report the unauthorized transfer and requested assistance in recovering his domain.

GoDaddy confirmed that BRUD.COM had been transferred on August 16, 2019.

GoDaddy refused to provide meaningful assistance unless Plaintiff signed an indemnification agreement absolving GoDaddy of all liability.

On October 4, 2019, Plaintiff refused to sign GoDaddy's indemnification agreement.

GoDaddy ceased all further recovery efforts.

**E. GoDaddy's Investigation and Final Response**

GoDaddy contacted Openprovider, the receiving registrar, who claimed the transfer was valid but provided no documentation.

On February 17, 2020, GoDaddy closed Plaintiff's case stating: "Openprovider.com has concluded the transfer was valid. Please understand that we did everything in our power to get the domain back into your possession."

GoDaddy's investigation failed to confirm how the transfer was authorized or to verify the transferor's identity.

### F. Subsequent Recovery Efforts

In 2023, Plaintiff retained domain recovery specialist Bill Hartzer to pursue options.

In January 2024, Plaintiff filed a UDRP complaint with ICANN, which was denied based on timing.

On June 17, 2024, Plaintiff filed a police report (Case #202446000690).

On August 22, 2024, Plaintiff filed a complaint with the FBI through IC3.gov.

On February 13, 2025, Plaintiff submitted a complaint to the Arizona Attorney General.

GoDaddy responded by defending the 2019 transfer but provided no evidence of proper authorization.

## VI. GODADDY'S SECURITY FAILURES AND TERMS OF SERVICE VIOLATIONS

### A. 2019 Terms of Service Obligations

GoDaddy's 2019 Terms of Service required security measures to prevent unauthorized access and proper verification of transfer requests.

GoDaddy failed to meet these obligations by:

- Unlocking BRUD.COM without Plaintiff's authorization
- Failing to verify transfer intent
- Sending unverifiable or undelivered confirmation emails

### B. Pattern of Security Breaches

GoDaddy experienced security breaches from 2019 to 2022 affecting customer accounts and domain management systems.

These breaches created vulnerabilities that likely facilitated the theft of BRUD.COM.

GoDaddy did not notify affected users or offer audits for unauthorized access.

### C. Subsequent Terms of Service Changes

GoDaddy later updated its Terms of Service to include broader indemnification clauses and a $10,000 liability cap, acknowledging prior deficiencies.

### VII. CAUSES OF ACTION

### COUNT I: NEGLIGENCE

Plaintiff incorporates by reference all preceding allegations.

GoDaddy owed Plaintiff a duty of reasonable care in maintaining security of his domain registration and properly verifying transfer authorizations.

GoDaddy breached this duty by:

a. Failing to maintain adequate security measures to prevent unauthorized access

b. Failing to properly verify the purported transfer authorization

c. Processing the transfer without confirming Plaintiff's intent or authorization

d. Failing to send required verification emails or ensure their delivery

GoDaddy's breach of duty was the proximate cause of Plaintiff's loss of BRUD.COM and subsequent damages.

### COUNT II: BREACH OF CONTRACT

Plaintiff incorporates by reference all preceding allegations.

Plaintiff and GoDaddy entered into a valid and enforceable contract when Plaintiff transferred BRUD.COM to GoDaddy and paid for domain registration and management services, including renewals through August 2020.

GoDaddy's 2019 Terms of Service, incorporated into the parties' agreement, required GoDaddy to implement adequate security protocols and to verify domain transfer requests.

GoDaddy breached the contract by:

a. Failing to prevent unauthorized access to Plaintiff's account

b. Failing to send or confirm delivery of required transfer verification emails

c. Permitting a domain transfer without Plaintiff's knowledge or consent

d. Refusing to take corrective action or return the domain without indemnification

As a direct result of GoDaddy's breach, Plaintiff lost BRUD.COM and suffered financial and reputational harm.

**COUNT III: UNJUST ENRICHMENT**

Plaintiff incorporates by reference all preceding allegations.

Plaintiff conferred a benefit upon GoDaddy by paying for domain registration and management services, including security protections.

GoDaddy failed to provide the contracted services and allowed BRUD.COM to be transferred without authorization.

Despite failing to perform its obligations, GoDaddy retained the payments and continues to control the registration status of BRUD.COM through its affiliated entities.

It would be unjust and inequitable for GoDaddy to retain the benefit of Plaintiff's payments while disclaiming responsibility for the unauthorized transfer.

Plaintiff is entitled to restitution for all amounts paid and damages arising from GoDaddy's unjust retention of the benefit.

**VIII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

1. Awarding return of the domain name BRUD.COM and compensatory damages reflecting its full market value, along with additional relief as warranted by the loss;

2. Awarding restitution and disgorgement of funds wrongfully retained by GoDaddy through unjust enrichment;

3. Awarding pre-judgment and post-judgment interest at the maximum rate allowed by law;

4. Awarding costs of this action, including reasonable attorneys' fees as permitted by law;

5. Granting such other and further relief as the Court deems just and proper.

**VERIFICATION**

I, Arthur "Brud" Porcher, declare under penalty of perjury that I have read the foregoing Complaint and that the facts alleged therein are true and correct to the best of my knowledge, information, and belief.

Executed on August 20, 2025.

_____
Arthur "Brud" Porcher

Arthur "Brud" Porcher
845 W Swoope Ave, Apt 37
Winter Park, FL 32789-3054
Cell: 407-405-1519
Email: brud@indianrivergroup.com

Clerk of Court
U.S. District Court for the District of Arizona
401 West Washington Street, Suite 130
Phoenix, AZ 85003-2118

August 20, 2025

RE: Civil Complaint – Porcher v. GoDaddy.com, LLC

Dear Clerk of Court,

Please find enclosed the following documents for filing in the United States District Court for the District of Arizona:

1. Civil Cover Sheet (JS 44)
2. Original signed complaint
3. Money Order in the amount of $402 for clerk fees

Thank you for your assistance.

Sincerely,

Arthur "Brud" Porcher